# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2010

No. 10-30157
Summary Calendar

Lyle W. Cayce
Clerk

DANNY PRINGLE; PAUL BROWN,

Plaintiffs-Appellants

v.

RONALD SCHLEUTER, Individually and in his official capacity, on behalf of
Police Chief City of Monroe,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. 3:08-CV-01534

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the district court's order granting Defendant's motion for summary judgment. The Court reviews de novo the district court's grant of summary judgment. *In re Egleston*, 448 F.3d 803, 809 (5th Cir. 2006); FED. R. CIV. P. 56(c). For the following reasons, we AFFIRM.

On April 19, 2006, Plaintiffs received notice that their colleague had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

discovered recording devices in his office, where he and Plaintiffs had conversed on several occasions. Plaintiffs filed suit against Defendant on October 15, 2008, alleging that Defendant had ordered the recording devices to be placed in their colleague's office, and that this action was a violation of 18 U.S.C. § 2520, which authorizes civil actions for intentionally intercepting or attempting to intercept "any wire, oral, or electronic communication" without previously seeking authorization from a court. 18 U.S.C. § 2520. The district court granted Defendant's motion for summary judgment be granted because the statute of limitations had run before Plaintiffs filed suit.

A claim under 18 U.S.C. § 2520 must be filed within two years "after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). The limitation period begins to run once the plaintiff has enough notice as would lead a reasonable person to either sue or launch an investigation. *Sparshott v. Feld Entm't, Inc.,* 311 F.3d 425, 429 (D.C. Cir. 2003).

Plaintiffs argue that Louisiana law precluded them from gathering pertinent information regarding the recording devices and their recordings. There is no law that would have that effect. The statute Plaintiffs cite does not prohibit requesting records pertaining to pending criminal litigation; it simply provides that disclosure of such records is not required. LA. REV. STAT. tit. 44, § 3(A) (2009).

Plaintiffs also argue that there exists a material issue of fact about when they knew or could have known when Defendant intercepted their communications. But the officer whose office contained the recording devices contacted Plaintiffs as soon as he discovered them. Plaintiffs further provided statements to the Louisiana State Police concerning their friendship with the targeted officer and whether they had given permission to be audio taped. Yet

2

Plaintiffs never requested any information relating to who was recorded in the target officer's office.

The statute of limitations does not require the claimant to have actual knowledge of the violation; it demands only that the claimant have had a reasonable opportunity to discover it. *Sparshott*, 311 F.3d at 429. Based on the undisputed evidence, Plaintiffs had reasonable opportunity to discover the violation on or around the discovery of the recording devices. Therefore, the statute of limitations had run by the time they brought suit against Defendant, and the district court correctly granted Defendant's motion for summary judgment.

AFFIRMED.